IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIKA MONTGOMERY,

701 NE Rawhide Lane,
Prineville, Oregon 97554

    Plaintiff,

v.

UNUM LIFE INSURANCE
COMPANY OF AMERICA

2211 Congress Street,
Portland, Maine 04122

    Defendant.

Serve:

Corporation Service Company
1090 Vermont Ave NW
Suite 430
Washington, DC 20005

No:   24-cv-1704

## COMPLAINT

Plaintiff Erika Montgomery alleges the following against defendant Unum Life Insurance Company of North America ("Unum"):

### Nature of the Action

1. This is a claim for recovery of short-term and long-term disability

insurance and life insurance "waiver of premium" benefits owed under an employee benefits insurance policy underwritten by Unum. This action is brought pursuant to the Employee Retirement Income Savings Act of 1974 ("ERISA") at 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## Parties

2. Plaintiff Montgomery is a current employee of the District of Columbia-based non-party U.S. Green Building Council. She lives in Prineville, Oregon.

3. At all relevant times Montgomery has been a "participant" of the non-party U.S. Green Building Council Employee Benefits Plan ("the Plan"). 29 U.S.C. 1002(7).

4. Defendant Unum insures the benefits owed by the Plan through disability insurance policy 293391 ("the Policy"). The Policy provides participants with short-term disability benefits, long-term disability benefits, and life insurance "waiver of premium" benefits subject to its terms and conditions. All these benefits were wrongfully denied to Montgomery.

## Jurisdiction and Venue

5. ERISA provides this court with subject matter jurisdiction over benefits recovery actions at 29 U.S.C. §§ 1132(e)(1) and 1132(f).

6. This court also has subject matter jurisdiction over ERISA claims pursuant to the "federal question" jurisdiction granted at 28 U.S.C. § 1331.

7. ERISA provides for nationwide service of process. 29 U.S.C. 1132(e)(2). This court has personal jurisdiction over Unum. Fed. R. Civ. P. 4(k)(2).

8. The Plan is an "employee welfare benefits plan" and non-party U.S. Green Building Council is the Plan's "plan sponsor" and "administrator" as those terms are defined by ERISA. 29 U.S.C. § 1002(1), (16).

9. Venue is proper in this district under 29 U.S.C. §§ 1132(e)(2) because the Plan is "administered" in the District of Columbia.

## Facts

10. In January 2023 Montgomery was a career employee at the U.S. Green Building Council and had only recently been promoted to Senior LEED Certification Reviewer. The U.S. Green Building Council administers the Leadership in Energy & Environmental Design or "LEED" program, which "rates" buildings for their energy efficiency and other environmentally friendly features. Montgomery's job was to be a subject-matter expertise in the LEED standards, stay on top of emerging issues in energy and environmentally-friendly building construction and operations, evaluate candidate buildings for compliance with standards, train junior reviewers to do the same and supervise their work, and collaborate with clients and colleagues on projects and novel issues. This "knowledge worker" job required that Montgomery analyze and communicate information at a high level all day, every day.

11. Montgomery contracted SARS COVID-19 on several occasions starting in 2021. She was in increasingly poor health in 2022 and early 2023, using accrued

leave to maintain her full-time income.

12. Starting in January 2023, an infection inflamed symptoms diagnosed as "long-COVID" that impaired Montgomery from performing one or more of the material and substantial duties of her regular occupation. Impairing symptoms include severe fatigue and post-exertional malaise, dyspnea, "brain fog," weakened immune system with frequent illness, and compounding anxiety and depression. These have left her physically fatigued such that she was sleeping or resting the majority of the day and prevented her from working at the high cognitive level required for her job.

13. Montgomery's symptoms impaired her from working at all between January and August 2023. Even after some improvement with treatment and implementing an "energy management" approach that limits exertion these symptoms continue to impair her so that she can work only a part-time schedule indefinitely.

14. Montgomery's total impairment after January 2023 entitled her to short-term disability benefits under the Policy. She claimed those benefits and Unum wrongfully denied her claim and subsequent administrative appeal.

15. Montgomery's prior total impairment and on-going partial impairment entitle her to long-term disability benefits under the Policy. She claimed those benefits and Unum wrongfully denied her claim and subsequent administrative appeal.

16. Montgomery's prior total impairment and on-going partial impairment

entitle her to life insurance "waiver of premium" benefits under the Policy. She claimed those benefits and Unum wrongfully denied her claim and subsequent administrative appeal.

17. Unum's wrongful denials have left Montgomery in severe financial distress. She has had to rely on funds from her parents to meet her regular expenses and has qualified for and received public food and health benefits because she lacked the income Unum owed her.

18. Solely to satisfy Unum's demands for evidence of disability, Montgomery has also paid more than two thousand dollars to obtain Cardiopulmonary Exercise Testing. That evaluation showed evidence of fatigue and post-exertional malaise to match her consistent symptom reporting. Nevertheless, Unum denied her benefits claims.

## *Claim*

### (Recovery of Benefits – 29 U.S.C. § 1132(a)(1)(B))

19. Montgomery incorporates the allegations in Paragraphs 1-18 herein.

20. Unum wrongfully denied Montgomery the short-term disability, long-term disability, and "waiver of premium" benefits owed to her under the Plan.

21. Montgomery met all Plan requirements, provided all information Unum requested, and exhausted all internal appeals to contest Unum's denial of the benefits owed.

22. Unum's denials of benefits were and remain unreasonable and not supported by substantial evidence. Unum abused its discretion in denying benefits.

23.     The court should be highly skeptical of Unum's denials.  Unum both administers and must pay the benefits at issue and has an inherent "structural" conflict of interest.  Moreover, Unum unreasonably favored the opinions of physician reviewers who conducted only "paper" reviews and who had a financial interest in maintaining favorable standing with insurer clients.

24.     Unum has wrongfully withheld short-term disability, long-term disability, and "waiver of premium" benefits owed between January 2023 and the present, with additional benefits owing each month.

## *Relief Sought*

Plaintiff prays for the following relief:

A.     Judgment against Unum in the amount of unpaid benefits owed for short-term and long-term disability benefits, to be calculated to the date of entry of judgment, and with pre-judgment interest on those benefits,

B.     A declaration that Montgomery is entitled to "regular occupation" disability and "waiver of premium" benefits under the Policy as of the date of entry of judgment or up to the contractual expiry of those benefits, as applicable,

C.     An order that Unum pay any unpaid "waiver of premium" benefits and take all necessary steps to restore Montgomery's group life insurance coverage,

D.     If "regular occupation" benefits have contractually expired by the time of entry of judgment, an order that Unum promptly evaluate Montgomery for "any occupation" benefits potentially owed under the Policy.

  E. An award of attorney's fees pursuant to 29 § 1132(g) and recoverable costs, and

  F. Any other legal or equitable relief the Court deems just and warranted.

June 12, 2024                Respectfully Submitted,

                 ERIKA MONTGOMERY

                 /s/Richard D. Carter
                Richard D. Carter
                Bar No. 339358
                Richard D. Carter, LLC
                Attorney for Plaintiff
                416 Jefferson Street
                Annapolis, MD 21403
                (703) 549-0076 (phone)
                (703) 542-1273 (fax)
                rcarter@richcarterlaw.com

                Hans N. Huggler
                OSB #144993 *pro hac vice pend.*
                Alexa M. Shasteen
                OSB #170815 *pro hac vice pend.*
                Borealis Benefits Law, Inc.
                Attorneys for Plaintiff
                522 W. Riverside Ave
                Suite 5076
                Spokane, WA 99201
                (907) 600-1711 (phone)
                (907) 331-4601 (fax)
                hans@erisaborealis.com
                alexa@erisaborealis.com